# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| GREAT LAKES TOWERS, LLC d/b/a VENTOWER INDUSTRIES, <br><br> Plaintiff / Counter-Defendant, <br><br> v. <br><br> CAMERON WIRE & CABLE, INC. <br><br> Defendant / Counter-Claimant <br><br> CAMERON WIRE & CABLE, INC. <br><br> Third-Party Plaintiff <br><br> v. <br><br> GREGORY ADANIN <br><br> Third-Party Defendant | Case No.: 2:20-cv-11014 <br><br> Honorable Terrence G. Berg |

## STIPULATED PROTECTIVE ORDER

Plaintiff Great Lakes Towers, LLC d/b/a Ventower Industries ("Ventower"), Defendant Cameron Wire & Cable, Inc., and Third-Party Defendant Gregory Adanin (collectively, the "Parties" and, each, a "Party") hereby agree that the following restrictions and procedures shall apply to certain information, documents, and excerpts from documents supplied by a Party or the Parties to each other in response to discovery

requests or by third-parties who produce documents pursuant to subpoenas issued in this case or provide testimony at depositions or the trial of this case:

1. Counsel for any Party (or for any third-party who, prior to production of documents pursuant to a subpoena issued in this case, elects to become a signatory to this agreement) may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the Party or third-party. Information and documents designated by a Party or third-party as Confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "Confidential Information."

2. The terms "CONFIDENTIAL" and "Confidential Information" shall also include documents, testimony, or other information designated as "Attorneys Eyes Only." A Party or third-party may designate documents, testimony, or information as "Attorneys Eyes Only" if the document, testimony, or information is particularly sensitive and is deserving of additional protection beyond the lesser classification of "CONFIDENTIAL" or "Confidential Information." Documents, testimony, or information that may be designated as "Attorneys Eyes Only" includes, but is not limited to, the following: (1) The identity of a Party or third-party's vendors, (2) the identity of a Party or third-party's customers, and (3) the amount paid by a Party or third-party for

the goods and materials used the assembly, distribution, and manufacture of cable assemblies.

3. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information and Attorneys Eyes Only Information disclosed will be held and used solely for use in connection with the above-captioned action.

4. In the event a Party challenges another Party's or third-party's Confidential, or Attorneys Eyes Only designations, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may then seek resolution by the Court. Nothing in this Agreement constitutes an admission by any Party that Confidential Information or Attorneys Eyes Only Information disclosed in this case is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of all Confidential Information or Attorneys Eyes Only Information disclosed in accordance with applicable law and Court rules.

5. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

    a. The requesting Party and counsel, including in-house counsel;

    b. Counsel's employees assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d. Any third-parties from whom testimony is taken or is to be taken in this action, except that they may only be shown that Confidential Information

during and in preparation for their testimony and may not retain the Confidential Information; and

e. The Court (including any clerks, stenographers, or other people having access to any Confidential Information by virtue of their positions with the Court) or the jury at trial or as exhibits to motions, subject to the provisions of Paragraph 11, below.

6. Documents, testimony, or information designated as "Attorneys Eyes Only" shall not be disclosed to any person, except:

   a. Counsel for the requesting Party, but excluding in-house counsel for the requesting Party;

   b. Counsel's employees assigned to and necessary to assist in the litigation; and

   c. The Court (including any clerks, stenographers, or other people having access to any "Attorneys Eyes Only" information or documents by virtue of their positions with the Court) or the jury at trial or as exhibits to motions, subject to the provisions of Paragraph 11, below.

7. Prior to disclosing or displaying Confidential Information or Attorneys Eyes Only Information to any person, counsel shall:

   a. inform the person of the confidential nature of the information or documents; and

   b. inform the person that use of the information or documents for any purpose other than this litigation is prohibited.

8. During any deposition, a deponent or counsel for a deponent or a Party or counsel for a Party may designate testimony being provided in response to a deposition question as Confidential Information or Attorneys Eyes Only Information. If the Attorneys Eyes Only designation is claimed during a deposition, a Party or counsel for a Party may request attendees, including Parties, to the deposition to leave the deposition if necessary. In addition, a deponent or counsel for a deponent or a Party or counsel for a Party may designate additional Confidential Information or Attorneys Eyes Only Information by indicating to all Parties, in writing, 15 days following receipt of a deposition transcript the specific line numbers and page numbers of the transcript that contain Confidential Information or Attorneys Eyes Only Information.

9. The Confidential Information may be displayed or disclosed to the individuals or entities identified in Paragraphs 5(c) and (d) only on the condition that prior to any such display or disclosure, each shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the Party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

10. The disclosure of a document or information without designating it as "Confidential" or "Attorneys Eyes Only" shall not constitute a waiver of the right to designate such document or information as Confidential Information or Attorneys Eyes

Only Information provided that the material is designated pursuant to the procedures set forth herein no later than fourteen (14) days after the close of discovery or fourteen (14) days after the document or information is produced, whichever occurs earlier. If so designated, the document or information shall thenceforth be treated as Confidential Information or Attorneys Eyes Only Information subject to all the terms of this Agreement.

11. Before filing any Confidential Information or Attorneys Eyes Only Information with the Court, the Party seeking to file the Information may move for a protective order allowing the filing of redacted copies of the documents containing Confidential Information or Attorneys Eyes Only Information on the public record and the sealed filing of unredacted copies. If the Court denies the motion for leave to file under seal, the Party seeking to file the Information may file only Confidential Information publicly, unless the Court directs otherwise. If the Court denies the motion for leave to file under seal, the Parties agree that Attorneys Eyes Only Information shall not be filed publicly, unless the Court directs otherwise. The Parties otherwise agree to adhere to the requirements and guidance of Local Rule 5.3.

12. At the conclusion of litigation, the Confidential Information and Attorneys Eyes Only Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to appeal) returned to the producing Party or certified as destroyed, except that the Parties' counsel shall be

permitted to retain their working files on the condition that those files will remain subject to the provisions of this Protective Order.

[Remainder of Page Intentionally Left Blank]

The foregoing is entirely without prejudice to the right of any Party to apply to the Court for any order relating to Confidential Information or Attorneys Eyes Only Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information. This Agreement may be enforced by either Party and any violation may result in the Court imposing sanctions.

Stipulated and Agreed to by:

| | |
|---|---|
| */s/ Brooke Booth* | */s/ Thomas H. Wyatt* |
| Scott T. Seabolt (P55890) | Brandon M. Pellegrino (P79112) |
| Brooke Booth (P67731) | Bowman and Brooke LLP |
| Adam G. Winnie (P82820) | 41000 Woodward Ave, Suite 200 East |
| Hickey Hauck Bishoff Jeffers & Seabolt, PLLC | Bloomfield Hills, MI 48304 |
| 17199 N. Laurel Park Dr., Ste. 215 | 248-205-3300 |
| Livonia, Michigan 48152 | |
| 313-964-8600 | Thomas H. Wyatt (ABA 2013273) |
| sseabolt@hhbjs.com | Meredith A. Powell (ABA 2019164) |
| bbooth@hhbjs.com | Quattlebaum, Grooms & Tull PLLC |
| Counsel for Plaintiff | 111 Center Street, Suite 1900 |
| | Little Rock, Arkansas 72201 |
| | 501-379-1700 |
| | twyatt@qgtlaw.com |
| | mpowell@qgtlaw.com |
| | Counsel for Defendant |

IT IS SO ORDERED:    /s/Terrence G. Berg
　　　　　　　　　　　　Hon. Terrence G. Berg
　　　　　　　　　　　　U.S. DISTRICT COURT JUDGE
　　　　　　　　　　　　Dated: March 11, 2021

## Exhibit A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by agreement of the parties.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____

Print: _____

Date: _____